IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB - 6 2019

CLERK, U.S. DISTRICT COURT
By _____ Deputy

STEPHEN WALKER, §
TDCJ-CID No. 01018562, §
　§
Plaintiff, §
　§
v. § 2:19-CV-078-Z
　§
LORIE DAVIS, DIRECTOR TDCJ-CID, §
　§
Defendant. §

## MEMORANDUM OPINION
## DISMISSING CIVIL RIGHTS COMPLAINT

Plaintiff STEPHEN WALKER, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendant and has been granted permission to proceed *in forma pauperis*. For the following reasons, Plaintiff's civil rights Complaint is **DISMISSED**.

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see also Denton v. Hernandez*, 504 U.S. 25 (1992).

same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

## PLAINTIFF'S CLAIMS

By his Complaint, Plaintiff alleges Defendant DAVIS is withholding privileges and good conduct time after his parole eligibility date. Plaintiff complains of time calculations regarding good conduct time and calendar time based on errors in interpreting Mandatory Supervision law. He also claims the Takings Clause was violated when he received a set-off during his parole review.

## ANALYSIS

"There is no constitutional expectancy of parole in Texas." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). A delay in consideration for mandatory release does not support a constitutional claim. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). Further, because a plaintiff has "no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana v. Kyle*, 65 F.3d 29 (5th Cir. 1991).

Plaintiff's claims concern the validity and duration of his confinement, which are not proper bases for a section 1983 claim. "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled

---

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In fact, Plaintiff has filed habeas claims with this Court, Case No. 2:19-CV-88, relating to these claims. Plaintiff has filed both habeas claims and civil rights claims with this Court in the past, evincing an understanding in the difference between the two claims and indicating his intent to pursue two types of relief. However, the claims asserted by Plaintiff in this lawsuit are not cognizable as civil rights claims. As there is no basis in the law for these claims in a civil rights suit, they are dismissed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is **ORDERED** that the Civil Rights Complaint by Plaintiff filed pursuant to Title 42, United States Code, section 1983 be **DISMISSED** with prejudice as frivolous.

It is **FURTHER ORDERED** that all other motions filed by Plaintiff are **DENIED**.

**SO ORDERED.**

February 6, 2020.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE